**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3861-15T3

DIVINE ALLAH,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

        Submitted August 8, 2017 — Decided August 24, 2017

        Before Judges Hoffman and Currier.

        On appeal from the New Jersey State Parole
        Board.

        Divine Allah, appellant pro se.

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Lisa A. Puglisi,
        Assistant Attorney General, of counsel;
        Christopher C. Josephson, Deputy Attorney
        General, on the brief).

PER CURIAM

    Appellant Divine Allah appeals the final administrative

action of the New Jersey State Parole Board (Board), revoking his

parole and setting a fourteen-month future eligibility term (FET). We affirm.

In 2005 appellant was sentenced to a twelve-year custodial term of imprisonment and to a five-year period of mandatory parole supervision following his release from custody. When appellant began his term of parole on March 3, 2014, he agreed that he would refrain from the purchase, use, possession, distribution or administration of any narcotic drug and that he would successfully complete a drug treatment program.

Within days after his release to parole supervision, appellant began to use marijuana. He was placed into an in-patient drug treatment program; however after he tested positive for marijuana twice and committed several infractions, he was discharged.

Appellant received a subsequent notice of probable cause hearing at which a determination would be made whether he had committed a violation of parole. The notice advised appellant of his panoply of rights and the parole conditions he was charged with violating.

At the hearing in October 2015, appellant acknowledged receiving a copy of the notice and was again advised of his right to representation by counsel. Appellant declined counsel and waived the probable cause hearing, electing instead for an

A-3861-15T3

immediate parole violation hearing. During the hearing, appellant admitted to frequent use of marijuana since his release on parole but sought leniency. The parole officer recommended a revocation of parole.

The hearing officer noted that appellant "had shown little willingness to curb his conduct based on the alternatives to incarceration he was already afforded [and] there was nothing in the record to support that he would suddenly change course if continued on parole." The officer recommended a revocation of parole and establishment of a fourteen month FET.

In its review, a two-member Board panel agreed with the hearing officer's recommendation, noting that "[a]lternatives to incarceration have failed to deter [appellant's] noncompliant conduct." The panel found a violation of supervision had occurred requiring the revocation of parole and set an FET of fourteen months. The full Board issued a final agency decision on December 8, 2015, affirming the revocation of parole and establishment of a fourteen-month FET.

Appellant raises the following points on appeal:

> POINT ONE: THE NEW JERSEY STATE PAROLE BOARD'S REVOCATION OF PAROLE WAS ARBITRARY AND CAPRICIOUS, WHERE THE REASONS STATED FOR DENIAL WERE INADEQUATE AND THE DENIAL WAS NOT SUPPORTED BY CREDIBLE EVIDENCE CONTAINED IN THE RECORD.

POINT TWO:  THE NEW JERSEY STATE PAROLE BOARD'S REVOCATION OF PAROLE WAS ARBITRARY AND CAPRICIOUS, WHERE APPELLANT ARTICULATED TO HIS PAROLE OFFICER, HIS DEPRESSION, ASSOCIATED WITH THE DEATH OF HIS MOTHER PRIOR TO HIS RELEASE ON PAROLE AND PROVIDED A NEXUS BETWEEN THAT AND HIS MARIJUANA USE, YET PAROLE NEVER OFFERED OR ORDERED HIM TO ENROLL INTO CRISIS AND/OR BEREAVEMENT COUNSELING OR A DRUG PROGRAM SPECIFIC TO HIS INSTANT NEEDS AT THAT TIME.  (Not Raised Below)

POINT THREE:  THE NEW JERSEY STATE PAROLE BOARD'S REVOCATION OF PAROLE WAS ARBITRARY AND CAPRICIOUS, WHERE APPELLANT'S DUE PROCESS RIGHTS HAVE BEEN INFRINGED UPON WHEN APPELLANT WAS DENIED A POLYGRAPH EXAMINATION TO CLEAR HIMSELF OF THE ALLEGATIONS AGAINST HIM.

Our standard of review of administrative decisions by the Board is limited and "grounded in strong public policy concerns and practical realities."  Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200, modified, 167 N.J. 619 (2001).  "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables.'"  Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)).  "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals."  Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)).

Consequently, our courts "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 172 (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998)).

After considering the arguments advanced on appeal, and the record in light of all legal principles, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief remarks.

Appellant agreed to the specific conditions of his release on parole: that he could not use, purchase or possess controlled dangerous substances and that he had to successfully complete a drug treatment program. It was undisputed by appellant at the revocation hearing that he had violated both of these conditions.

We are satisfied that appellant was accorded his due process rights. He was notified of the probable cause hearing, his entitlement to counsel, his opportunity to present witnesses and evidence, and he was issued a written opinion explaining the reasons for the revocation of his parole.

The Board's findings and its establishment of a fourteen-month FET are neither arbitrary nor unreasonable as appellant

argues, but rather are supported by the credible evidence found in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3861-15T3